IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA, NORFOLK DIVISION

THE UNITED STATES OF AMERICA
for the use and benefit of VT MILCOM INC.

    Plaintiff

v.

PAT USA, INC.,

    Serve: Asif Bhatti, Registered Agent
           2927 Waterview Dr.
           Rochester Hills, MI 48309

GERALD DINKINS SR., Individual Surety,

    Serve: Gerald Dinkins Sr.
           2669 Edison Ave.
           Jacksonville, FL 32254

and

FIRST MOUNTAIN BANCORP, INC.

    Serve: Nevada Legal Forms &
           Tax Services, Inc., Registered Agent
           3901 W. Charleston Blvd
           Las Vegas, NV 89102

    Defendants

Case No. 2:15cv328

## COMPLAINT

NOW COMES The United States of America, for the use and benefit of VT Milcom, Inc. ("VT Milcom"), by counsel and for its Complaint against defendants PAT USA, Inc. ("PAT"), Gerald Dinkins, Sr. ("Dinkins") and First Mountain Bancorp, Inc. ("FMB"), states as follows:

### JURISDICTION AND VENUE

1.    This action arises under The Miller Act, 40 U.S.C. §3133 which provides for both the jurisdiction and venue in this Court.

1

2. VT Milcom is a Maryland corporation with its principal place of business located in Virginia Beach, Virginia.

3. PAT USA, Inc. ("PAT") is a Michigan corporation with its principal place of business located at 2927 Waterview Drive, Rochester Hills, Michigan 48309.

4. The United States Army Corps of Engineers ("ACOE"), through its office located in Virginia, contracted with PAT for the provision of labor and supply of materials form minor military construction on United States facilities in the country of Qatar under Project Contract No. W912ER-13C-0027, Package M-25 Unspecified Minor Military Construction (UMMC) Projects, Qatar. ("the Prime Contract").

5. As a requirement of the Prime Contract, PAT provided a payment bond numbered 9000-0045 and dated August 27, 2013 in which PAT USA, Inc. is identified as the principal and Dinkins is identified as the surety. ("the Payment Bond") A true and accurate copy of the Payment Bond is attached as Exhibit A.

6. Upon information and belief Dinkins is a United States citizen and a resident of the State of Florida.

7. As a condition for the acceptance of Dinkins as surety for PAT, PAT also provided an Irrevocable Trust Receipt issued on August 13, 2013 by FMC. A true and accurate copy of the Irrevocable Trust Receipt is attached as Exhibit B.

8. FMC is a Nevada corporation with its principal place of business as identified on the Irrevocable Trust Receipt and on its website as located in Truckee, California.

9. PAT subcontracted a portion of its work to VT Milcom, through its office in Virginia Beach, Virginia. A true and accurate copy of the subcontract agreement between PAT and VT Milcom is attached as Exhibit C. ("the Subcontract").

2

10. VT Milcom's general scope of work as detailed in the Subcontract consisted of the labor and materials to install telecommunications cabling secure and unsecure LAN systems, including the purchasing and shipment of all required materials to the project site at Al Udeid Air Base, Qatar.

11. Pursuant to the Subcontract, VT Milcom undertook labor, purchased materials and prepared such materials for shipment to Qatar.

12. VT Milcom performed and executed at least part of the work for the Prime Contract in Virginia Beach, Virginia, regularly communicating with PAT concerning the progress and status of its work.

13. PAT contracted to transact business in Virginia and is subject to personal jurisdiction in this Court, including through Virginia Code §8.01-328.1 and federal law.

14. Dinkens and FMC are subject to nationwide service of process pursuant to The Miller Act and Federal Rule of Civil Procedure 4(K)(1)(c).

15. This Court has jurisdiction over the parties and venue is appropriate.

## STATEMENT OF FACTS

16. Upon information and belief, PAT was awarded the Prime Contract in October 2013 and received its notice to proceed on or about February 28, 2014.

17. The Subcontract was executed as of February 22, 2014.

18. According to Schedule E of the Subcontract, PAT was responsible for providing a separate notice to proceed (NTP) date for on-site work. The Subcontract duration for VT Milcom's work was 20 weeks from NTP, pending issuance of a separate NTP for on site work.

19. On or about May 22, 2014 PAT provided VT Milcom with its initial direction to begin work and procure materials for shipment to Qatar. (s/b February 18, 2014 – date of NTP)

3

20. PAT issued email directive to get the materials expedited for delivery on March 20, 2104; requested material delivery schedule on March 23, 2014

21. Thereafter, VT Milcom began purchasing items and provided estimated delivery date for approved materials on May 15, 2014

22. VT Milcom timely prepared and shipped the first materials to Qatar in July 2014.

23. In September 2014, PAT executed Change Order #1 to cover excess custom and duty fees for the first shipments.

24. The Project was behind schedule for reasons not attributable to VT Milcom. VT Milcom repeatedly requested updated project schedules, which PAT was unable to provide.

25. PAT provided initial scheduling dates in November 2014, then after January 16, 2015, subject to further confirmation.

26. VT Milcom continued to coordinate for the further shipment of materials and transport of workers to Qatar to perform its work when directed.

27. PAT requested test plans for submission to client on January 26, 2015

28. On January 29, 2015, PAT informed VT Milcom that PAT was on hold and the U.S. Army Corps of Engineers was not allowing them to perform further work on the Project.

29. PAT provided direction to arrange for delivery of balance of materials to the site on January 31, 2015

30. The United States Army Corps of Engineers terminated the Prime Contract with PAT for default.

31. At the time of default, PAT had not provided VT Milcom with a Notice to Proceed for on-site work.

32. By letter dated February 2, 2015, PAT terminated the Subcontract with VT Milcom, alleging that VT Milcom defaulted upon its performance obligations.

33. VT Milcom met and performed all of its obligations under the Subcontract and PAT failed to provide it with any written notice of a failure of performance as required by the Subcontract.

34. VT Milcom has incurred costs for labor performed and materials provided intended for the benefit of the Project totaling $117,110.32.

35. PAT rejected all of VT Milcom's invoices for work performed by email dated February 16, 2015.

36. VT Milcom is entitled to the recovery of its attorneys' fees and costs incurred in this action as provided in the Subcontract.

37. All conditions precedent to the maintenance of this action have been met, satisfied or waived.

## COUNT I
## BREACH OF CONTRACT
## (PAT USA, INC.)

38. VT Milcom incorporates by reference each of the foregoing allegations as if fully set forth again.

39. PAT materially breached its contract with VT Milcom by its termination of February 2, 2015 and subsequent refusal to pay VT Milcom for its costs incurred on the Project.

40. As a direct and proximate result of PAT's material breaches of the Subcontract, VT Milcom has incurred damages in the amount of $117,110.32, plus costs and expenses as provided by the Subcontract and interest from February 2, 2015.

5

41. VT Milcom is entitled to judgment against PAT for breach of contract in the amount sought.

## COUNT II
## BREACH OF SURETY OBLIGATIONCONTRACT
## (PAT, Dinkins, FMC)

42. VT Milcom incorporates by reference each of the foregoing allegations as if fully set forth again.

43. VT Milcom provided notice to PAT, Dinkins and FMC of its claim and entitlement to payment for which no response has been made by any of the defendants.

44. VT Milcom is a proper claimant under the Payment Bond and is of the class of those entitled to a right of action under the Payment Bond and the Miller Act.

45. PAT, as principal, and Dinkins, as surety, with FMC as the holder of the security for the surety, are in material breach of the Payment Bond.

46. More than 90 days but less than one year has expired since the day on which VT Milcom last performed labor or provided materials intended for the Project.

47. As a direct and proximate result of the material breach of the Payment Bond by the defendants, VT Milcom has incurred damages in the amount of $117,110.32, plus costs and expenses as provided by the Subcontract and interest from February 2, 2015.

48. VT Milcom is entitled to judgment against PAT, Dinkins and FMC as the holder of the Irrevocable Trust Receipt for breach of the Payment Bond and the Miller Act for the amounts sought in this Complaint.

# COUNT III
# QUANTUM MERUIT
# (PAT, Dinkins, FMC)

49.     VT Milcom incorporates by reference each of the foregoing allegations as if fully set forth again.

50.     In the alternative to Count I, in the event that any portion of the labor performed or materials provided as intended for the Project are not governed by an express contract between the parties, then VT Milcom is entitled to payment for the value of the benefit conferred upon PAT and its sureties as it relates to the Project.

51.     VT Milcom performed labor and provided materials for the benefit of PAT as directed by PAT and intended for the ultimate benefit of the United States Government.

52.     The reasonable value for the benefit of the labor and materials conferred upon PAT and ultimately the United States Government is $117,110.32.

53.     The defendants are responsible as sureties to compensate VT Milcom for the reasonable value of work performed and value conferred upon the Project, for which they have failed and refused to make such compensation.

54.     Defendants are liable to VT Milcom under the alternative theory of quantum meruit for the sum as stated in this Complaint.

WHEREFORE, VT Milcom, by counsel, respectfully asks for judgment in the amount of One Hundred Seventeen Thousand One Hundred Ten and 32/100 Dollars ($117,110.32), plus costs, expenses, attorneys' fees and interest, an order directing that the Irrevocable Trust Agreement continue and its funds be applied for the benefit of the amount of any judgment awarded VT Milcom, and for such other and further relief as the court finds appropriate.

VT Milcom, Inc.

_____
Daniel R. Weckstein (Va. Bar #17741)
James R. Harvey, III (Va. Bar #40726)
VANDEVENTER BLACK LLP
101 W. Main St., Suite 500
Norfolk, VA 23510
jharvey@vanblk.com

4822-9860-6117, v. 1