IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

THE UNITED STATES OF AMERICA
for the use and benefit of VT MILCOM, INC.,

    Plaintiff,

v.                                                            Civil Action No.: 2:15cv328

PAT, USA, INC., et als,

    Defendants.

## MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(2) and (3)

NOW COMES the defendants, PAT USA, Inc., Gerald Dinkins, Sr., and First Mountain Bancorp, Inc., by counsel, and pursuant to Rule 12(b)(2) and (3) of the Federal Rules of Civil Procedure, respectfully move the Court to dismiss this action on the grounds that (1) this court has neither specific nor general personal jurisdiction over the Defendants; (2) the United States District Court for the Eastern District of Virginia, is not proper venue for this action; and (3) the U.S. District Court of the Eastern District of Virginia is not a suitable venue to hear the Plaintiff's action against these Defendants. Further, Defendants request this Court to dismiss this action pursuant to its discretion under federal rules of *Forum Non Conveniens*. Under The Miller Act, jurisdiction and venue reside in either the place of performance of the contract or where the contract was executed. The Commonwealth of Virginia does not satisfy either of these criteria, all as more fully set forth in the below supporting memorandum.

## SUPPORTING MORANDUM

In further support of their Motion to Dismiss this action, these defendants state as follows:

1

I. **NATURE OF CASE**

This case arises out of Plaintiff VT Milcom, Inc.'s premature and unwarranted actions based upon a written subcontract agreement between. VT Milcom and PAT USA, Inc. of Rochester Hills, Michigan.  VT Milcom's breach of contract claim is set forth in the Complaint.  See Complaint ¶¶ 38 – 41. VT Milcom alleges a breach of contract and an alternative claim for breach of surety obligation/contract under the Payment Bond posted by PAT USA, Inc. for the VT Milcom supply of materials to support a prime contract between PAT USA and the U.S. Army Corps of Engineers (USACE). See Complaint ¶¶ 42-48.  Lastly, VT Milcom alleges a claim for recovery based on quantum meruit. See Complaint ¶¶ 49-54.  Each claim for relief relies on the same basic jurisdictional and fact allegations respecting the above noted contractual relationship. See Complaint ¶¶ 9 – 37.

II. **FACTS PERTAINING TO MOTION**

The Miller Act states: "A civil action brought under this subsection must be brought in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." 40 USC §3133(b)(3). The following facts show that the subcontract at issue in this case was not to be performed and was not executed in the Commonwealth of Virginia:

1. PAT USA is based in Rochester Hills Michigan. Complaint ¶3.
2. Defendant Gerald Dinkins is an individual resident of Florida ¶6.
3. Defendant First Mountain Bancorp (FMC ) is a Nevada corporation based in California. ¶8.

4. At no point prior to being awarded the contract, did any representative of PAT USA travel to or visit Virginia to negotiate or bid on the prime contract with USACE, nor to sign or conclude such contract. See attached Affidavit of Asif Bhatti ¶5.A & B.

5. At no point prior to finalizing and signing the VT Milcom contract did any representative of PAT USA travel to or visit Virginia to negotiate or to sign or conclude the prime contract entered into with VT Milcom. See attached Affidavit of Asif Bhatti ¶5.C.

6. PAT USA does not maintain an office or facility in Virginia, has no contracts, jobs or work in Virginia, nor does it maintain an employee, agent or representative in the Commonwealth. See attached Affidavit of Asif Bhatti ¶5.D.

7. The contract between Plaintiff and PAT USA was to be performed and executed only in the nation of Qatar at the U.S. Air Base Al Udeid. Complaint ¶10, Subcontract (attached to Complaint) Schedule A-Scope of Work.

Under the jurisdiction and venue requirements of The Miller Act and the facts stated above, VT Milcom, Inc. nevertheless improperly brought this action in this Court. This Court cannot maintain the action since this Court cannot obtain general or specific jurisdiction over these Defendants and since venue under the Miller Act is improper for the Eastern District of Virginia. Further, this Court should reasonably refuse to hear this action since, without a specific basis for jurisdiction and venue, common sense federal

rules of *forum non conveniens* indicate that this case is more properly determined by a court in the Eastern District of Michigan.

### III. ARGUMENT

Defendants may bring a motion prior to responsive pleadings for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). A motion to dismiss for improper venue under Fed.R.Civ.P. 12(b)(3) is the proper vehicle for bringing a motion to dismiss based on improper venue. *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.* 471 F.3d 544, 550 (4th Cir. 2006).

Defendants dispute any liability to VT Milcom, Inc., in any way, amount or manner; however, any entitlement by VT Milcom, Inc. must arise by reason of its subcontract with PAT USA, Inc. The fact that VT Milcom, Inc. has alleged a pendent Miller Act and *quantum meruit* claim does not change the result. See *F.D. Rich Co., Inc. v U.S. ex rel. Indus. Lumber Co., Inc*., 417 U.S. 116, 94 S. Ct. 2157, 40 L.Ed2d 703 (1974). Under the Miller Act, relied upon by Plaintiff as the sole basis of jurisdiction and venue in this action, there is no basis to acquire jurisdiction over the parties. 40 U.S.C. §3133. While the Miller Act provides grounds for proper venue when the conditions have been met, it is not jurisdictional. *F.D. Rich Co., Inc. v. U.S. ex rel. Indus. Lumber Co*. As noted above, the contract at issue in this case was not to be performed or executed in Virginia, nor was it negotiated, signed or finalized in Virginia. Therefore, neither personal jurisdiction nor venue is proper in the United States District Court for the Eastern District of Virginia.

Because of the facts surrounding the parties entering into and signing this contract, and the fact that the contract was not to be performed and was not executed in

4

Virginia, neither jurisdiction over these parties nor proper venue lie with this Court. Therefore, defendants move this Court to dismiss this case without prejudice pursuant to Fed. R. Civ. P. Rules 12(b)(2) (lack of personal jurisdiction) and (3) (improper venue).

## IV.   **CONCLUSION**

By filing this action with this Court, VT Milcom, Inc. improperly disregarded the facts surrounding the subcontract at issue in this case and the fact that the contract was not to be performed in the Commonwealth of Virginia and was not executed in the Commonwealth of Virginia. Accordingly, venue is improper with this Court in this action and should therefore be dismissed pursuant to Rule 12(b)(3), and these defendants so move; and further move that they be awarded their costs incurred herein and that the be awarded such other and further relief as the Court deems proper.

                                                                PAT USA, INC.
                                                                GERALD DINKINS, SR.,
                                                                FIRST MOUNTAIN BANCORP, INC.,
                                                                Defendants

                                                         By: /s/_____
                                                                David A. Hearne
                                                                Counsel for Defendants

David A. Hearne, Esquire (VSB No. 28674)
Outland, Gray, O'Keefe & Hubbard
709 Greenbrier Parkway
Chesapeake, VA 23320
Telephone:    757-547-0171
Facsimile:    757-436-9446
E-mail:davidh@ogoh.com
Counsel for Defendants

**CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing MOTION TO DISMISS was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

Daniel R. Weckstein, Esq.<br>
James R. Harvey, III, Esq.<br>
VANDEVENTER BLACK, LLP<br>
101 W. Main St., Suite 500<br>
Norfolk, VA 23510<br>
jharvey@vanblk.com

This 16th day of September, 2015

                                        Respectfully submitted,

                                        By: /s/_____
                                              David A. Hearne

David A. Hearne, Esquire
Virginia Bar No. 28674
Attorney for Defendants
DAVIDH@OGOH.COM
OUTLAND, GRAY, O'KEEFE & HUBBARD
709 Greenbrier Parkway
Chesapeake, VA 23320
Tel.    (757) 547-0171
Fax.   (757) 436-9446