IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

THE UNITED STATES OF AMERICA    )
For the use and benefit of VT  MILCOM,    )
INC.,    )
     )
       Plaintiff,    )
     )
    v.    )    Civil Action No. 5:16-cv-00007
     )
PAT USA, INC., *et al.*,    )    By:  Elizabeth K. Dillon
     )         United States District Judge
      Defendants.    )

**MEMORANDUM OPINION AND ORDER REGARDING MOTION TO WITHDRAW**

Before the court is counsel for defendants' motion to withdraw as attorney for defendant

Gerald Dinkins, Sr.  (Mot. Withdraw, Dkt. No. 48.)  In support of its motion, counsel noted that,

despite continuing efforts on their part, defendants' attorneys had been unable to communicate

with Mr. Dinkins, and he has refused to provide information in the preparation of discovery

responses.  Counsel included an affidavit from James Rayis, PAT USA's general counsel, which

asserted that he has made numerous unsuccessful attempts to contact Dinkins.  (Rayis Aff., Dkt.

No. 49-1.)  At the hearing on this motion, counsel represented that, since filing the motion, he

had been in contact with Dinkins and that Dinkins did not want the firm to withdraw from his

representation.  (Transcript 53, Dkt. 68.)

This court's applicable local rule states, "No attorney of record shall withdraw from any

cause pending in this Court, except with the consent of the Court for good cause shown."  W.D.

Va. Gen. R. 6(i).[1]  Whether to allow an attorney to withdraw is committed to the district court's

---

[1]  In its brief, counsel cited to Local Rule 7(l) and noted that the court applies the rules in the Virginia Code
of Professional Responsibility as a first step in deciding the issue of leave to withdraw.  The reference is mistaken,
and the applicable rule does not refer to the Virginia Code of Professional Responsibility.  Moreover, the Virginia

discretion.  *See United States v. Blackledge*, 751 F.3d 188, 193 (4th Cir. 2014).  In exercising

that discretion, the court considers "the disruptive impact that granting the motion to withdraw

would have on the client, her prosecution of the case, and the effective administration of justice."

*Clayton v. Dickens*, No. 7:08-cv-592, 2009 U.S. Dist. LEXIS 118259, at *3–4 (W.D. Va. Dec.

18, 2009) (citing *Patterson v. Gemini Org., Ltd.*, No. 99-1537, 2000 U.S. App. LEXIS 29505, at

*2 (4th Cir. 2000) (unpublished), and *Towns v. Morris*, No. 93-1295, 1995 U.S. App. LEXIS

5798, at *5–6 (4th Cir. 1995) (unpublished)).

Considering the status of this case and Dinkins' desire to have counsel continue to

represent him, the court finds that granting the motion to withdraw would have a disruptive

effect on the case, the client, the opposing party, and the effective administration of justice.

For the foregoing reasons, it is hereby ORDERED that counsel for defendants' motion to

withdraw as counsel for defendant Dinkins (Dkt. No. 48) is DENIED.

Entered: July 14, 2017.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

Code of Professional Responsibility and the disciplinary rules referred to in the brief were replaced by the Virginia
Rules of Professional Conduct, which became effective January 1, 2000.