IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA ) <br> For the use and benefit of VT MILCOM, ) <br> INC., ) <br>   ) <br>   Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> PAT USA, INC., *et al.*, ) <br>   ) <br>   Defendants. ) | <br><br><br><br><br><br>Civil Action No. 5:16-cv-00007<br><br>By:  Elizabeth K. Dillon<br>     United States District Judge |

**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S AMENDED MOTION TO SHOW CAUSE AND TO HAVE DEFENDANT DINKINS FOUND IN DEFAULT**

I.  BACKGROUND

Before the court is VT Milcom's amended motion to show cause as to all defendants and for a default judgment against Dinkins (Dkt. No. 43, as amended by Dkt. No. 46), which stems from VT Milcom's August 5, 2016 motion to compel discovery responses (Dkt. No. 37).[1] By order dated August 11, 2016, the magistrate judge granted VT Milcom's motion to compel, finding that defendants had failed to respond at all to VT Milcom's discovery requests despite an extension and notice from plaintiff's counsel that it intended to file such a motion. (Dkt. No. 41.)  The magistrate judge ordered that defendants' objections to VT Milcom's discovery requests were deemed waived; instructed defendants to deliver "full and complete responses" to VT Milcom's requests for admissions, interrogatories, and requests for production of documents by 5:00 p.m. on August 15, 2016; and ordered defendants to appear for depositions.  (*Id.*)  The

---

[1] The court notes that VT Milcom's motions were appropriate and permitted by the rules. Moreover, the motions allowed this case to proceed.  Just because counsel for defendants was communicating with plaintiff's counsel does not mean the motions were needless or a diversionary tactic, as suggested by defendants.

order specifically allowed VT Milcom to proceed with its argument that the requests for admission had already been admitted. (*Id.*)

On August 15, 2016, VT Milcom received responses to its requests for admission from all defendants and to its interrogatories and requests for production from PAT USA. In many of its requests for admission, VT Milcom asked defendants to admit that PAT USA had taken certain actions, or instructed VT Milcom to take certain actions, via email. Across the board, defendants refused to admit to VT Milcom's characterizations of these emails, asserting instead that the emails "speak for themselves." The court will not recite all of them, but defendants objected in this manner to 34 requests for admission: Nos. 11, 12, 15, 18, 20, 22, 24–26, 28, 30–32, 34, 36, 38, 40, 42, 43, 46, 50, 51, 53, 55, 57, 59–61, 64, 65, 68, 71, 79, and 82.[2] Examples of defendants' use of this response include the following:

> 18.   Admit that by e-mail dated March 23, 2014 (the "March 23, 2014 E-mail"), PAT asked VT Milcom to provide the delivery schedule for materials on site.
> **RESPONSE:  The E-mail dated March 23, 2014 speaks for itself as the best evidence of its contents.  Therefore, PAT USA, Inc. neither admits nor denies the paraphrase of this document.**
>
> . . . .
>
> 20.   Admit that by e-mail dated March 24, 2014 from Mansoor Ali (the "Ali March 24, 2014 E-mail"), PAT provided to VT Milcom a construction schedule.
> **RESPONSE:  The E-mail dated March 24, 2014 speaks for itself as the best evidence of its contents.  Therefore, PAT USA, Inc. neither admits nor denies the paraphrase of this document.**

---

[2] All references by the court in this opinion and order are to the numbers used in defendants' Responses to the Requests for Admission. The court understands that some of the responses were mis-numbered, but uses those numbers in order to be consistent.

(Defs.' Resp. ¶¶ 18, 20, Dkt. No. 43-1.) VT Milcom also asserts that defendants failed to unequivocally admit or deny Nos. 70, 75, 77, 82, 83–89, 93 and 94. For example, in response to Nos. 84–89 and 93, the responses stated that "PAT USA, Inc. has been unable to communicate with Mr. Dinkins [or First Mountain Bancorp] since this action was initiated." (Defs.' Resp. ¶¶ 84–89, 93.)

VT Milcom subsequently filed its amended motion requesting that all requests be deemed admitted for failure to timely respond, an order to show cause why all defendants should not be held in contempt, an award of sanctions including attorneys' fees and costs, and a default judgment against defendants Dinkins and First Mountain Bancorp (FMB). (Dkt. No. 43.) However, on August 26, 2016, all of the parties entered into a joint stipulation whereby defendants agreed to a number of facts pertinent to summary judgment, and VT Milcom agreed to withdraw (1) its claims that PAT USA had failed to respond to certain requests for production and interrogatories, and (2) its request that FMB be found in default. (*See generally* Stipulation, Dkt. No. 45, and Notice of Partial Withdrawal of Am. Mot. to Show Cause, Dkt. No. 46.) That stipulation and subsequent motion left in place VT Milcom's request (1) that all requests for admission be deemed admitted, (2) for an order to show cause, (3) for sanctions based on defendants' responses to its requests for admission, and (4) that Dinkins be found in default.

II. DISCUSSION

A. **Sufficiency of the Responses to Requests for Admission**

Under Rule 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action, the truth of matters within the scope of" discovery. Fed. R. Civ. P. 36(a). The matter is deemed admitted unless the party denies it, specifically and in detail, or objects to it within 30 days. Fed. R. Civ. P. 36(a)(3)–(5); *see also Foxworth v. World Book*

3

*Encyclopedia, Inc.*, 838 F.2d 466, 1988 WL 6814, at *1 (4th Cir. 1988) (unpublished table decision)  (holding that unanswered requests for admission are deemed true under Rule 36).  If a matter is admitted under Rule 36, that admission can only be withdrawn or amended as permitted by the court.  Fed. R. Civ. P. 36(b).  Defendants filed no timely response to the requests for admission, so by operation of Rule 36, the requests were deemed admitted.  However, the court's August 11 order, which granted plaintiff's motion to compel and waived any objections, required responses to be filed by August 15, and defendants met that deadline.  Thus, the magistrate judge allowed the admissions to be amended while reserving VT Milcom's right to argue that the admissions were deemed admitted.

    Because amendment was permitted, the court will look to whether the responses constituted objections, which the court specifically disallowed and which, therefore, should be deemed admitted, or constituted sufficient answers.  The moving party may challenge the sufficiency of an answer or objection by motion and, if the court finds that an answer does not comply with the rule, it may deem the matter admitted or require the responding party to serve an amended answer.  Fed. R. Civ. P. 36(a)(6).  Rule 36 specifically states that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4).  If the response must be qualified or only denies the request in part, then "the answer must specify the part admitted and qualify or deny the rest."  *Id*.  Additionally, a lack of knowledge or information can be asserted as the basis for not admitting or denying a request "only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  *Id*.  If a party objects to a request, the grounds must be stated.  Fed. R. Civ. P. 36(a)(5).  Of course, the court's order in this case deemed defendants' objections waived.  (Dkt. No. 41.)

The court first notes that Rule 36 requires the responding party to admit or deny a request unless an objection is made or, after reasonable inquiry, there is a lack of knowledge or information. In response to 34 requests, defendants stated that a document "speaks for itself as the best evidence of its contents," so defendants neither admitted nor denied those requests. This response is either an objection or a response that is insufficient under Rule 36 because it does not assert a lack of knowledge or information. In *House v. Giant of Maryland, LLC*, 232 F.R.D. 257, 262 (E.D. Va. 2005), the court described the belief that a party could simply assert that a document "speaks for itself" instead of responding to a request for admission as "folklore within the bar" and described the practice as "[a] favorite excuse for not answering requests for admission in a contract case." A number of other courts have also found this response lacking. *See, e.g., Jones v. Univ. of Memphis*, No. 2:15-cv-02148, 2016 WL 6123510, at *1–2 (W.D. Tenn. Sept. 23, 2016); *Aprile Horse Transp., Inc. v. Prestige Delivery Sys.*, No. 5:13-cv-15-GNS-LLK, 2015 WL 4068457, at *5–6 (W.D. Ky. July 2, 2015); *Farinash v. Silvey*, No. 06-11860, 2007 Bankr. LEXIS 3474, at *28 (Bankr. E.D. Tenn. 2007); *Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006) (noting that "[t]he tautological 'objection' that the finder of fact can read the document for itself . . . is not a legitimate objection but an evasion of the responsibility to either admit or deny . . . [and] is also a waste of time . . .").

Because defendants' responses to these 34 requests (Nos. 11, 12, 15, 18, 20, 22, 24–26, 28, 30–32, 34, 36, 38, 40, 42, 43, 46, 50, 51, 53, 55, 57, 59–61, 64, 65, 68, 71, 79, and 82) were either waived objections or insufficient responses, they will be deemed admitted.

Responses to Request Nos. 70, 75, 77, 94, and 95 are also deemed to be admitted because they are either waived objections or insufficient responses. As to No. 70, defendants do not admit or deny the request. They state:

5

>70. Admit that on January 31, 2015, PAT directed VT Milcom to arrange for delivery of the balance of materials to the Project site.
>
>**RESPONSE: VT Milcom was never authorized to perform any work other than Phase I of the Subcontract. Therefore, PAT never directed VT Milcom to provide any materials to the Project site except those materials that are included in Phase I.**

As to No. 75, defendants specifically state that the request is neither admitted nor denied, but do not rely upon lack of knowledge or information. They state:

>75. Admit that PAT terminated the Subcontract pursuant to Subcontract Section Ten – "Termination by Owner".
>
>**RESPONSE: It is neither admitted nor denied. The subcontract was terminated pursuant to all relevant provisions of the Subcontract.**

As to No. 77, defendants neither admit nor deny the request and note that they lack specific knowledge, but they do not indicate that reasonable inquiry has been made. They state:

>77. Admit that VT Milcom shipped material to Qatar that has not been paid for by PAT.
>
>**RESPONSE: It is neither admitted nor denied for lack of specific knowledge. PAT USA, Inc. only authorized VT Milcom to perform Phase I of the Subcontract and VT Milcom was paid in full for Phase I.**

As to No. 94, defendants specifically state that the request is neither admitted nor denied, but do not rely upon lack of knowledge or information. They state:

>94. Admit that VT Milcom last provided labor or materials intended for the Project more than ninety (90) days prior to July 23, 2015.
>
>**RESPONSE: PAT USA, Inc. can neither admit nor deny the Request for Admission No. 95. However, VT Milcom was only authorized to perform Phase I work. Therefore, any work on any other phase was not authorized.**

6

Likewise, as to No. 95, defendants specifically state that the request is neither admitted nor denied, but do not rely upon lack of knowledge or information. They state:

> 95. Admit that VT Milcom last provided labor or materials intended for the Project less than one (1) year prior to July 23, 2015.
>
> **RESPONSE: RESPONSE: [sic] PAT USA, Inc. can neither admit nor deny the Request for Admission No. 96. [sic] However, VT Milcom was only authorized to perform Phase I work. Therefore, any work on any other phase was not authorized.**

Turning to responses to Request Nos. 89 and 96, the court finds the responses were sufficient and denies the request to deem them admitted.

In response to Request Numbers 84–89 and 93, PAT USA stated that it could not respond because it had been unable to contact FMB and/or Dinkins since the initiation of the case. These responses show that PAT USA made reasonable inquiry, but lacked sufficient knowledge to respond. Thus, they are not deemed admitted by PAT USA.

Unlike PAT USA, defendants FMB and Dinkins did not respond on August 15 as required by the court's order. Defendant FMB eventually responded, but not until later in August and without leave from the court to do so. Dinkins never responded. Thus, Request Nos. 84–89 and 93 are deemed admitted by FMB and Dinkins.

## B. Relief Sought by Plaintiff

In addition to the remedy that all requests be deemed admitted for failure to timely respond, which the court has just addressed, VT Milcom also asks that all defendants be held in contempt, the court award sanctions including attorneys' fees and costs, and a default judgment be entered against defendant Dinkins.

Rule 36 provides that a party challenging the sufficiency of an answer or objection may be awarded expenses pursuant to Rule 37(a)(5). Fed. R. Civ. P. 36(a)(6). Rule 37(a)(5) provides for the payment of reasonable expenses in bringing the motion (including attorneys' fees) by the party, the attorney, or both if the motion is granted. Payment must not be ordered if the movant did not first try to obtain the discovery without court involvement, there was substantial justification on the part of the opposing party for its response, or it would be unjust to award expenses under the circumstances. Fed. R. Civ. P. 37(a)(5).

Rule 37(b) also provides for sanctions where a party fails to comply with a court order and allows the court to "issue further just orders," which may include deeming certain matters established, disallowing certain claims or defenses, striking pleadings, staying proceedings, dismissing actions, entering default judgments, or finding a party in contempt. Fed. R. Civ. P. 37(b)(2)(A). Additionally, Rule 37(b)(2)(C) mandates the payment of reasonable expenses, including attorneys' fees, to the movant by the other party, its attorney, or both. Fed. R. Civ. P. 37(b)(2)(C). Again, the only exception for the award of reasonable expenses occurs when "the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*. "A legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565–66 n.2 (1988)). The non-compliant party bears the burden of proving that its failure was justified or that an award of sanctions would otherwise be unjust. *Burkett v. AIG Claims Servs.*, 244 F.R.D. 328, 331 (N.D. W. Va. 2005).

The district court has considerable discretion to determine what sanction is appropriate under Rule 37(b). *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597

(4th Cir. 2003). However, that discretion is somewhat narrower where the proposed sanction is extreme, such as a judgment by default or a finding of contempt. *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989); *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995). In exercising its discretion, the court should consider (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would be effective. *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (en banc).

Here, the joint stipulation entered into by the parties allowed the motion for summary judgment to proceed and significantly lessened the prejudice caused by noncompliance. Thus, the court finds that the extreme sanctions of contempt and default are not necessary and that less drastic sanctions are sufficient and effective. The court has already deemed some requests for admission admitted. The court also finds that an award of reasonable expenses, including attorneys' fees, is appropriate in this case, with payment to be made by the defendants, for VT Milcom's reasonable expenses incurred in filing and briefing its motion to compel and motion to show cause. The court refers the matter of the appropriate amount of the reasonable expenses to United States Magistrate Judge Hoppe.

### III. CONCLUSION

For the foregoing reasons and as stated above, VT Milcom's amended motion to show cause and to have defendant Dinkins found in default in GRANTED IN PART and DENIED IN PART, and it is hereby ORDERED as follows:

1. Requests for Admission Nos. 11, 12, 15, 18, 20, 22, 24–26, 28, 30–32, 34, 36, 38, 40, 42, 43, 46, 50, 51, 53, 55, 57, 59–61, 64, 65, 68, 70, 71, 75, 77, 79, 82, 94, and 95 are deemed admitted by all defendants;

2. Requests for Admission Nos. 84–89 and 93 are deemed admitted by defendants FMB and Dinkins;

3. VT Milcom is entitled to an award of reasonable expenses, including attorneys' fees, for the reasonable expenses it incurred in filing and briefing its motion to compel and motion to show cause (Dkt. Nos. 37 and 43), with payment to be made by the defendants; and

4. The matter of the appropriate amount of the reasonable expenses to be awarded is referred to United States Magistrate Judge Hoppe.

Entered: July 14, 2017.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge